**FEDERAL SAVINGS & LOAN INS. COR-
PORATION v. FIRST NAT. BANK,
LIBERTY, MO.**

No. 1755.

District Court, W. D. Missouri, W. D.

June 3, 1944.

Charles M. Miller, of Kansas City, Mo., for plaintiff.

Lawson & Hale, of Liberty, Mo., for defendant.

REEVES, District Judge.

The only question for decision on this motion is whether the documents and other data in possession of the plaintiff are relevant as evidence on the issues made by the pleadings, and, if so, whether said documents are exempt from scrutiny of the defendant because privileged or acquired or collated by counsel in preparation of the case for trial.

The issues made by the pleadings are substantially as stated by plaintiff, that the defendant received eleven checks drawn by officers of Liberty Federal Savings & Loan Association, Liberty, Missouri, payable to said defendant, and that it enjoyed the im-¬diate and final benefit thereof.

The defendant denies this. It asserts its answer that the Liberty Federal vings & Loan Association, the drawer of

said checks and a depositor of the defend-ant, issued said checks and that they were paid in the regular course of business; that the said drawer not only authorized the issuance but acquiesced and approved the payment of said checks; that by the con-duct of said drawer it is not estopped to assert the invalidity of said checks, and that by its negligence said checks were drawn and caused to be paid by the de-fendant. Moreover, it is asserted that both the drawer and the defendant were common victims of a dishonest officer of the depositor, and that, since both have suffered, the depositor as the em-ployer should sustain the burden of its employee's wrong.

It is unnecessary to set out in de-tail the averments of the motion. It will be observed that the issues as thus broadly stated would make relevant such evidence as to the means and methods employed by the depositor in carrying on its business insofar as related to the checks sued on. The defenses, if good, would be available to the defendant as against its original deposi-tor as well as its privies and subrogees.

The motion for inspection contains ap-propriate references to the averments of the answer so as to show the relevancy, if any, of the documents and data sought to be inspected. Moreover, the motion is specific with respect to the instruments sought to be scrutinized.

1. This motion is made proper practice by Rule 34, Federal Rules of Civil Pro-cedure, 28 U.S.C.A. following section 723c. It is provided by such rule that:

" * * * the court in which an action is pending may * * * order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated *documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evi-dence material to any matter involved in the action and which are in his possession, cus-tody, or control; * * *.*"

Both in the arguments and by their briefs the parties concede that the documents sought are in the possession, custody and control of the plaintiff.

2. It is the rule that relevancy is a basic rule of evidence and that a fact is legally admissible if logically relevant to the issue. 31 C.J.S., Evidence, § 158, p. 864.

■ The Supreme Court of the United States in Interstate Commerce Commission v. Baird, 194 U.S. 25, loc. cit. 44, 24 S.Ct. 563, loc. cit. 569, 48 L.Ed. 860, in discussing that identical subject said:

"Relevancy does not depend upon the conclusiveness of the testimony offered, but upon its legitimate tendency to establish a controverted fact. Relevancy is that 'quality of evidence which renders it properly applicable in determining the truth or falsity of the matter in issue between the parties to a suit.'"

■ 3. With the foregoing principles as postulates in mind, it is proper to discuss generally the nature of the documents called for. The defendant asks first for all book entries and documents appertaining to the eleven checks forming the basis of the suit and which would tend to show how the transactions were recorded and kept by the depositor, the loan association. There could hardly be a question but that these documents and books would be relevant in view of the averments of the defendant's answer.

■ The defendant also desires to inspect the entries and records which pertain to any charges made in the books with respect to said checks, even though such entries be in the accounts of borrowers or certificate holders of the depositor. Depositor was a building and loan association. Such testimony obviously would be relevant to the issues raised by the defendant's answer. Even though the checks were payable to the defendant, yet this may have been a procedure customarily used and the defendant bank a mere conduit to the borrower, bona fide, or otherwise.

■ The defendant also asks to be permitted to inspect all checks drawn by the depositor, whether on the defendant bank or any other bank, if such checks were payable to defendant bank. It asks also for the vouchers applicable to or accompanying said checks. It would seem material to know what other checks were drawn and made payable to the defendant. The dates and the amounts of such checks, and the purposes for which they were drawn would shed light on the practice and custom of the depositor, loan association.

■ In addition to the above, the defendant seeks an opportunity to inspect the checks drawn by the depositor, said loan association, and made payable to Harold Wilson, Evalyn Wilson, Harold and Evalyn Wilson, Home Owners Realty Corporation, and the Liberty Chronicle. From the arguments, and from the pleadings, it appears that the names of these persons or corporation were frequently used in the transaction of the depositor's business. It is inferred that the names of such persons or corporation, if the Liberty Chronicle be a corporation, were used, by Harold Wilson, an active officer of the loan association, in manipulating the funds and the affairs of the depositor.

The defendant asks also for supporting vouchers. These documents, or data, would tend to explain the methods and the practices of the officers of the corporation so as to support the contention made that the defendant but followed a customary and usual practice well known to all of the officers of the depositor, loan association.

■ The defendant seeks also documents and data relating to loans made by the depositor, loan association, to the above named parties or corporation, "or to Leroy Dewees or to J. M. Robertson, or to A. N. Taul, or to C. G. Chrisman." The latter persons, it is asserted, "were straw title holders for Harold Wilson, and from time to time Loan Association made loans to Harold Wilson in their names, respectively." These would be material and relevant to establish what disposition was finally made of the checks sued on as reflected by the books. The action here is for money had and received. If the funds arising from the checks were credited to the names of persons appearing on the books as borrowers, then the defendant would be entitled to show that fact as bearing both on the question of its own good faith and the knowledge or information that the other officers of the corporation had or might have had with respect to the disposition of the funds.

As to all of the foregoing, the motion for production and inspection should be sustained.

■ The defendant also asks for an inspection of a report on the examination or audit of the affairs of said Loan Association made under the authority of Federal Home Loan Bank Administration. This report was made on or about August 27, 1943. It is admitted by the plaintiff that it has a copy of said report. Such copy would not be competent evidence. Moreover, it is not an original record or a copy of an original record by the Loan Associa-

tion or by the plaintiff. Doubtless plaintiff obtained a copy as an aid and for the information afforded for its use in the trial of the case. The defendant would not have a right either to inspect such a copy in the hands of the plaintiff nor could it reasonably contend that such a copy would be competent even if material. The same source of information is open to the defendant as to the plaintiff. It would have a right to take steps to obtain either the original or authenticated copies of the report made on the examination from Federal Home Loan Bank Administration. It does not appear to have been privileged matter for the reason that the examining authority has placed a copy in the hands of the plaintiff. As to this item of the motion, the objection of the plaintiff should be sustained and that portion of the motion overruled.

Aside from this item, the motion of the defendant will otherwise be sustained.